JAMES D. STEELE, ETC., *v.* COMMONWEALTH, ETC.

**Execution—Priority—Levy—Sheriff's Failure to Endorse.**
It is not essential to the validity of the levy of an executor that it shall be endorsed on the execution, and a sheriff may sell under a levy so made, to the exclusion of an execution levied at later date, notwithstanding the levy was endorsed on the latter one.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

January 17, 1871.

OPINION BY JUDGE HARDIN:

Although it was not essential to the validity of the levy of Rogers execution that it should have been endorsed on the execution, and the sheriff might have sold under a levy so made and not endorsed on the returned execution, and to the exclusion of the execution of the appellees of later date than the alleged levy but prior in date to the second execution of Rogers. The levy under which the land was sold, endorsed on the last execution of Rogers dated June 14, 1867, does not purport to be, nor is it shown to have been priorily made, but whatever may have been the intention of the deputy sheriff in relation to levying the junior execution of Rogers, the levy was endorsed and dated, is clearly a levy of that execution and of that date, and ought not to have been made, as it was an execution junior in date to that of the plaintiff which was at the time in the sheriff's hands and to its exclusion, and the decision of the circuit court sustaining the demurrer to the answer being in accordance with this view does not seem to have been erroneous.

Therefore, no error being perceived, the judgment is *affirmed.*
*McPherson, for appellants.*
*Feland, for appellee.*